FILED
FEB 06 2024
MARK A. GOLDSMITH
U.S. DISTRICT JUDGE
EASTERN DISTRICT OF MICHIGAN

United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Plaintiff,

v.

D-4 Bishop Allen,

Defendant.

Case No. 21-cr-20610

Hon. Mark A. Goldsmith

______________________________/

# Plea Agreement

The United States of America and the defendant, Bishop Allen, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1. Counts of Conviction

The defendant will plead guilty to Count 1, Count 18, Count 19, Count 20, Count 21, Count 22, and Count 23 of the Indictment. Count 1 charges the defendant with conspiracy to commit wire fraud under 18 U.S.C. § 1349. Counts 18, 19, 20, 21, 22, and 23 charge the defendant with making and/or inducing a false statement in the acquisition of a firearm under 18 U.S.C. § 922(a)(6).

## 2. Statutory Maximum Penalties

The defendant understands that the counts to which he is pleading guilty carry the following maximum statutory penalties:

| | | |
|---|---|---|
| Count 1 | Term of imprisonment: | Up to 20 years |
| | Fine: | No more than $250,000 |
| | Term of supervised release: | Up to 3 years |
| Counts 18, 19, 20, 21, 22, & 23 | Term of imprisonment: | Up to 10 years |
| | Fine: | No more than $250,000 |
| | Term of supervised release: | Up to 3 years |

The defendant further understands that the Court has the discretion to run the sentences of imprisonment on the counts of conviction consecutively to each other.

## 3. Agreement to Dismiss Remaining Charges

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss

Count 5, Count 45, Count 46, Count 47, Count 48, Count 49, and Count 50 of the Indictment.

## 4. Elements of Counts of Conviction

The elements of Count 1 are:

(1) That two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit wire fraud, as charged in the Indictment; and

(2) The defendant knew the unlawful purpose of the plan and knowingly and voluntarily joined it.

The elements of Counts 18, 19, 20, 21, 22, and 23 are:

(1) The defendant knowingly made a false statement to a federally licensed firearm dealer;

(2) The false statement was made while acquiring or attempting to acquire a firearm;

(3) The defendant knew that the statement was false;

(4) The false statement was intended or likely to deceive the firearms dealer with respect to any fact material to the lawfulness of the sale of the firearm.

## 5. Factual Basis

The parties agree that the following facts are true, accurately describe the defendant's role in the offenses, and provide a sufficient factual basis for the defendant's guilty plea:

Beginning in or around November 2020, and continuing until at least in or around February 2021, D-4 Bishop Allen participated in a scheme to obtain and use stolen credit card information to purchase firearms from online retailers. The scheme was carried out by enlisting straw purchasers to retrieve the firearms in person from local federally licensed firearm dealers (FFLs) in exchange for compensation. Once obtained, the stolen firearms were either personally possessed or sold for a profit.

Allen functioned as a straw purchaser in this scheme. He agreed to allow D-2 Antonio Jackson and D-3 Mike Chahoua (two leaders of the scheme) to purchase firearms from two different online firearm retailers using stolen credit card information, and listing Allen as the purchaser of the firearm in the online order. Once an online order was complete and the online retailer shipped the firearm, Allen then agreed to go in-person to local FFLs, located within the Eastern District of Michigan, to pick up the firearms. When he did, he completed an ATF Form 4473 in which he represented that he was the actual purchaser of the firearm and he failed to disclose that the online purchase was made with stolen credit card information. Both of these misrepresentations were

materially false statements that Bishop Allen either knew to be false when he made the statement, or Allen made the statement with reckless indifference to its truth. Allen then gave some of the firearms to D-2 Antonio Jackson and D-3 Mike Chahoua to either possess or re-sell. He also kept some of the firearms as payment for his participation in the fraudulent scheme.

Allen successfully obtained at least fourteen firearms in this manner. At least one of those firearms had a high-capacity magazine, or a magazine capable of accepting more than 15 rounds of ammunition. Allen also participated in this scheme with the knowledge, intent, or reason to believe that the scheme would result in the transfer of a firearm to a prohibited person.

**6. Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crimes charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A. The right to plead not guilty and to persist in that plea;

B. The right to a speedy and public trial by jury;

C. The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D. The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E. The right to confront and cross-examine adverse witnesses at trial;

F. The right to testify or not to testify at trial, whichever the defendant chooses;

G. If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H. The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I. The right to compel the attendance of witnesses at trial.

**7. Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions

here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty what the additional consequences of the defendant's convictions might be. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration or other consequences from his convictions.

**8. Defendant's Guideline Range**

**A. Court's Determination**

The Court will determine the defendant's guideline range at sentencing.

**B. Acceptance of Responsibility**

The government recommends under Federal Rule of Criminal Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a). Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

### C. Other Guideline Recommendations

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply:

- USSG § 2K2.1(a)(4) – (1) At least one of the firearms that the defendant purchased and/or caused to be purchased had a high-capacity magazine, and (2) the defendant is convicted of 922(a)(6) and committed the offense with the knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person

- USSG § 2K2.1(b)(1)(B) – The defendant was responsible for purchasing and/or causing between 8 – 24 firearms to be purchased as part of the charged scheme

- USSG § 2K2.1(g)(4)(A) – The firearms purchased by the defendant were stolen

- USSG § 2K2.1(b)(5) – The defendant engaged in firearms trafficking

- USSG §§ 3B1.1 and 3B1.2 – No role in the offense adjustments are applicable to the defendant

### D. Factual Stipulations for Sentencing Purposes

The parties have no additional factual stipulations for sentencing purposes.

### E. Parties' Obligations

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the

guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F. Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

**9. Imposition of Sentence**

**A. Court's Obligation**

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B. Imprisonment

#### 1. Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment not exceed the midpoint of the defendant's guideline range as determined by the Court.

#### 2. No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

**C. Supervised Release**

**1. Recommendation**

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a two-year term of supervised release.

**2. No Right to Withdraw**

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

**D. Fines**

There is no recommendation or agreement as to a fine.

**E. Restitution**

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on

restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F. Forfeiture

Pursuant to Fed. R. Crim. P. 32.2, 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C. § 2461, the defendant agrees to forfeit to the United States any and all property, real or personal, which constitutes proceeds obtained or derived, directly or indirectly, from the defendant's violation of 18 U.S.C. § 1349 as charged in Count 1 of the Indictment. This may include the entry of a personal forfeiture money judgment against him in favor of the United States in an amount to be determined by the Court at the sentencing hearing, which is equal to the amount of proceeds the defendant obtained or derived, directly or indirectly, from his violation of 18 U.S.C. § 1349.

The defendant agrees, pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), to forfeit to the United States all firearms and ammunition involved in or used in the commission of his violations of 18 U.S.C. § 922(a)(6) as charged in Counts 18, 19, 20, 21, 22, and 23 of the Indictment.

The defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of the defendant. To satisfy the money judgment, the

defendant explicitly agrees to the forfeiture of any assets he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

The defendant agrees to the entry of one or more orders of forfeiture, including a Preliminary Order of Forfeiture, containing the above referenced forfeiture of proceeds, firearms and ammunition, and the forfeiture money judgment, upon application by the United States at, or any time before, his sentencing in this case. The defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the government. The defendant agrees that the forfeiture order will be final and effective as to him upon entry by the Court.

The defendant waives his right to have a jury determine the forfeitability of his interest in the above identified property as provided by Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure.

The defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, pronouncement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant

acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure and/or forfeiture of property covered by this Plea Agreement. The defendant knowingly, voluntarily, and intelligently waives any statutory and constitutional challenge to the above-described forfeiture including any challenge based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

**G. Special Assessment**

The defendant understands that he will be required to pay a special assessment of $700, due immediately upon sentencing.

**10. Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the top of the guideline range determined by the Court,

the defendant also waives any right he may have to appeal his sentence on any grounds.

**11. Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12. Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty pleas, or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were

dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

**13. Use of Withdrawn Guilty Plea**

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

**14. Parties to Plea Agreement**

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15. Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations, understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

This plea offer expires unless it has been received, fully signed, in the United States Attorney's Office by 5:00 PM on January 12, 2024.

The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Douglas C. Salzenstein
Acting Chief, General Crimes Unit
Assistant United States Attorney

Erin L. Ramamurthy
Andrew R. Picek
Assistant United States Attorneys

Dated: January 5, 2024

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

Gabi Silver
Attorney for Defendant

Bishop Allen
Defendant

Dated: 2/6/24