United States District Court
Eastern District of Michigan
Southern Division

United States of America,

Criminal No. 21-20610

Hon. Mark A. Goldsmith

v.

D-4 Bishop Allen,

Defendant
_________________________________/

**United States' Supplemental Briefing re Scoring of USSG § 2K2.1(b)(5)**

Background

On June 24, 2024, the parties appeared for the sentencing of D-4 Bishop Allen. All 8 of Allen's remaining co-defendants have already been sentenced in this matter. During the June 24 hearing, the parties raised the issue of whether a particular guideline enhancement—specifically a +5 enhancement under USSG § 2K2.1(b)(5)(C) for trafficking firearms—was applicable to the defendant. The government argued that it was. Allen argued it was not. The Probation Department requested an opportunity to evaluate the issue and express a written opinion in the PSR. So the sentencing hearing was adjourned until September 12, 2024. (ECF No. 351).

The government subsequently submitted a formal objection to the Probation Department's scoring of USSG § 2K2.1(b)(5) in Allen's PSR. (ECF No. 46). As

noted in the government's objection, the government believes that Allen should incur a 5-point enhancement for trafficking firearms under USSG § 2K2.1(b)(5)(C) of the 2023 Guidelines Manual, while also recognizing that had Allen been scored under the same provision of the 2021 Guidelines Manual, he would only have been subjected to a 4-point enhancement. (ECF No. 346, PageID.2222 – 2225). Thus, the government recommended—and still recommends—that Allen be assessed a 4-point enhancement for trafficking firearms to avoid an *ex post facto* issue. *See Peugh v. United States*, 569 U.S. 530, 551 (2013). Still, the Probation Department asserts that Allen should be scored only a 2-point enhancement under USSG § 2K2.1(b)(5)(B). (ECF No. 346, PageID.2225 – 2227).

<u>Amendments to USSG § 2K2.1(b)(5)</u>

Under the old version of 2K2.1(b)(5), a defendant could receive a 4-point enhancement for trafficking firearms. Application Note 13 specified that 2K2.1(b)(5) should apply if the defendant:

(i) Transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and

(ii) Knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—

I. Whose possession or receipt of the firearm would be unlawful; or

II. Who intended to use or dispose of the firearm unlawfully.

USSG § 2K2.1(b)(5), Application Note 13, 2021 Guidelines Manual. The Application Note goes on to define an "Individual whose possession or receipt of the firearm would be unlawful" to mean "an individual who (1) has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence; or (ii) at the time of the offense was under a criminal justice sentence . . . ." *Id.*

Under the new version of 2K2.1(b)(5), a defendant could receive either a 2-point enhancement or a 5-point enhancement for firearms trafficking, depending on certain factors. Specifically, the newly added 5-point enhancement is appropriate where the defendant:

> B. transported, transferred, sold, or otherwise disposed of, or purchased or received with the intent to transport, transfer, sell, or otherwise dispose of, two or more firearms knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who:
>
> (I) had a prior conviction for a crime of violence;
>
> (II) was under a criminal justice sentence at the time of the offense; or
>
> (III) intended to use or dispose of the firearms unlawfully.

USSG § 2K2.1(b)(5), 2023 Guidelines Manual.

In the government's view, the 2023 Amendments to USSG § 2K2.1 changed the trafficking enhancement from a 4-level increase to a 5-level increase, so long as the same factors that would have justified applying the old enhancement existed. See below:

| **2021 Version of 2K2.1(b)(5) (Application Note 13)** | **2023 Version of 2K2.1(b)(5)** |
| --- | --- |
| (A) Subsection (b)(5) applies…if the defendant:<br><br>(i) **Transported, transferred, or otherwise disposed of** **two or more firearms** to another individual, or received two or more firearms with the **intent to transport, transfer, or otherwise dispose of** firearms to another individual; and<br><br>(ii) **Knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual**—<br><br>I. Whose possession or receipt of the firearm would be unlawful; or<br><br>II. Who **intended to use or dispose of the firearm unlawfully**.<br><br>(B) Definitions – For purposes of this subsection:<br><br>"Individual whose possession or receipt of the firearm would be unlawful" means an individual who: | 2K2.1(b)(5) applies if the defendant –<br><br>(C)(i) **Transported, transferred, sold, or otherwise disposed of**, or purchased or received with the **intent to transport, transfer, sell, or otherwise dispose of**, **two or more firearms** **knowing or having reason to believe that such conduct would result in the receipt of the firearms by an individual who**:<br><br>(I) **had a prior conviction for a crime of violence**;<br><br>(II) **was under a criminal justice sentence at the time of the offense**; or<br><br>(III) **intended to use or dispose of the firearms unlawfully**;<br><br>(C)(ii) attempted or conspired to commit the conduct described in the clause (i); or<br><br>(C)(iii) received two or more firearms as a result of inducing the conduct described in clause (i), **increase by 5 levels**. |

| | |
|---|---|
| i. **has a prior conviction for a crime of violence, a controlled substance offense, or a misdemeanor crime of domestic violence**; or<br><br>ii. **at the time of the offense was under a criminal justice sentence,** including probation, parole, supervised release, imprisonment, work release, or escape status. | |

The Amendments also created a lesser-included 2-level increase for firearms trafficking to cover situations involving only one firearm, or lack of knowledge or reasonable cause to believe that the firearm would be transferred to a specific type of prohibited person. USSG § 2K2.1(b)(5)(B). But applying the 2-level enhancement, as suggested by the Probation Department, is inconsistent with the Court's scoring of the same guideline provision for the other 8 defendants in this case—including other straw purchasers like Allen. And it is inconsistent with the discovery provided to both Allen and the Probation Department in this case.

<u>A 4-level Enhancement for Firearms Trafficking is Warranted</u>

As the government highlighted in its PSR objection, Allen openly discussed his participation in this illegal firearm trafficking scheme via text message with his co-conspirators. (ECF No. 346, PageID.2225). On January 13, 2021, Allen

participated in a group chat with D-2 Mike Chahoua and D-1 Chauncey Williams. Allen received the following messages from the group chat:

**Chahoua:** Sick that site declining me

**Chahoua:** Aye login my site and buy me like 3 pieces tryin get a gun

**Williams:** Send it to my phone

**Williams:** And yeah

(Exhibit 1, USA_001075).

On January 20, 2021, Allen participated in a group chat with D-2 Mike Chahoua, D-1 Chauncey Williams, and another individual named "Tre" in which Allen received the following messages:

**Chahoua:** Guns still work dott

**Williams:** idk

**Chahoua:** They hoe me today

**Williams:** you use a mi piece[1]

**Tre:** Damn

**Chahoua:** No I'm sayin the other site

**Williams:** no guns in there

**Williams:** my 4 guns still delayed

[1] During this investigation it was determined that "piece" was used to describe stolen credit card information and/or identification.

**Williams:** (Sends photograph of a gun)

**Chahoua:** Wats so special bout that gun

**Williams:** just the name

**Williams:** and bullets

**Williams:** blue tips in this FN it gotta pedicure

(Exhibit 1, USA_001077 – 1080).

On February 12, 2021, Allen had the following exchange with D-2 Mike Chahoua:

**Allen:** Aye mike who you know with no warrant or felony that we can switch the guns you got over to cause it's no way I can report all the guns you and Aj[2] got stolen

**Chahoua:** I was bout to tell u I sold like 4 of em

**Chahoua:** But imma do this 1 nigga

**Allen:** What guns you got left

**Chahoua:** Glock ar and Xd

**Allen:** Alr so the FN gone and what else

**Chahoua:** Glock the brown 1

**Chahoua:** 1ar

**Allen:** Alright

(Exhibit 1, USA_001004 - 001007).

---

[2] "AJ" is a known nickname for D-3 Antonio Jackson.

On February 28, 2021, Allen and Chahoua had another exchange:

**Allen:** Aye mike how many guns you still got

**Chahoua:** I sold them all

**Allen:** Damn why you ain't let me know that's a lot I gotta report stolen in a month

**Chahoua:** I got scared wen we got caught I told dott[3] to sell them all

**Allen:** o'you could have just brought them to me I got a stack of paper to report stolen it's like you said fuck me bo

**Chahoua:** Hell naw

**Chahoua:** How many was it

**Allen:** It's 11 papers bro you and Aj

(Exhibit 1, USA_001011 – 1012).

Allen was not a passive participant in this firearms trafficking scheme. While he functioned as a straw purchaser, he was aware of the use of stolen credit card information to purchase the guns, and he actively discussed issues like registering the guns as stolen after he straw purchased them for others engaged in this conspiracy. Allen also demonstrated his knowledge of the criteria needed to purchase a gun legally (i.e., "no warrant or felony"). *See* Exhibit 1, USA_001005. Thus, it is not difficult to infer that Allen knew—*or had reason to believe*—that the guns he was acquiring as a straw purchaser in this scheme would end up in the

[3] "Dott" is a known nickname for D-1 Chauncey Williams.

hands of someone who "intended to use or dispose of the firearm unlawfully." USSG § 2K2.1(b)(5)(C)(i)(III). Though to avoid an *ex post facto* problem, the government recommends apply the 2021 version of the Guidelines, which means Allen would only incur a 4-point enhancement for trafficking firearms, rather than the 5-point enhancement which would currently apply. *See Peugh v. United States*, 569 U.S. 530, 551 (2013). Indeed, the Court has applied the 2021 version of this enhancement for trafficking firearms to 8 other defendants in this case, *5 of which functioned as straw purchasers like Allen*. Allen would become an outlier if the Court were to apply a 2-point enhancement for the same conduct that triggered a 4-point enhancement for all 8 of the other defendants in this conspiracy.

<u>Conclusion</u>

For these reasons, the government respectfully requests that the Court apply a 4-level enhancement for firearms trafficking under the 2021 version of USSG § 2K2.1(b)(5) to D-4 Bishop Allen. All previous recommendations in the government's sentencing memorandum with respect to Allen remain the same. (ECF No. 334).

Respectfully Submitted,

Dawn N. Ison
United States Attorney

*/s/ Erin L. Ramamurthy*
Erin L. Ramamurthy
Andrew R. Picek
Assistant United States Attorneys
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9788
erin.ramamurthy@usdoj.gov

Dated: September 5, 2024

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2024. I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Erin L. Ramamurthy*
Erin L. Ramamurthy
Assistant United States Attorney